

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2004

# Theoford v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1832

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Theoford v. Atty Gen USA" (2004). *2004 Decisions.* Paper 913.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/913

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1832
_____

RAMOND THEOFORD,

Petitioner

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA;
TOM RIDGE, SECRETARY OF DEPARTMENT
OF HOMELAND SECURITY,

Respondents

_____

ON APPEAL FROM THE BOARD OF IMMIGRATION APPEALS

(No. A77-871-920)

_____

ARGUED MARCH 11, 2004

BEFORE: SLOVITER and NYGAARD, Circuit Judges.
and SHADUR,* District Judge.

(Filed:  March 25, 2004)

_____

*        Honorable Milton I. Shadur, Senior District Judge for the United States
District Court for the Northern District of Illinois, sitting by designation.

Joseph C. Hohenstein, Esq. (Argued)
Nationalities Service Center
1300 Spruce Street
Philadelphia, PA 19107
        Counsel for Petitioner


Colette J. Winston, Esq. (Argued)
Linda S. Wernery, Esq.
John M. McAdams, Jr., Esq.
United States Department of Justice Office
  of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
        Counsel for Respondents

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Ramond Theoford, a Haitian citizen, petitions for review of the Immigration Judge's ("IJ") decision, affirmed without opinion by the Board of Immigration Appeals ("BIA"), denying him asylum, withholding of removal, relief under the United Nations Convention Against Torture, and voluntary departure. The issue before us is whether the IJ erred by denying relief. Applying a deferential standard of review, we will deny Theoford's petition.

I.

Because the facts are known to the parties, we review them only briefly. Theoford claims that in Haiti on September 20, 1999, he and his brother were hijacked

and taken to a remote location where they were separated and interrogated. According to Theoford, he was beaten, stabbed, and held captive for three days and asked "if [his] brother was involved in gun trafficking." Admin. R. at 77, 197-98. Theoford has not seen his brother since, and assumes that he was killed. Shortly after that incident, Theoford was told by his neighbors that the men had returned to his home and were asking questions about his whereabouts. As a result, Theoford decided to flee Haiti. Upon arriving in the United States, Theoford applied for asylum.

According to Theoford, the men who held him captive were members of then-President Jean-Bertrand Aristide's Lavalas party. Theoford alleges they were motivated by anger at his brother for being loyal to the opposition party. Theoford contends his captors imputed his brother's political beliefs to him and, as a result, persecuted him.

Theoford's application for asylum based on politically motivated persecution came before the IJ, who found that he was credible as to the date he entered the United States, but otherwise lacked credibility. *See* Admin. R. at 79 ("The Immigration Court is unable to certify that the respondent has provided a truthful account of what occurred to him in Haiti."). The IJ thought it was "significant that he was completely unable to specify who the men were who allegedly abducted him and his brother," and noted that Theoford initially did not identify the assailants as members of the Haitian government. *Id*. The IJ found it was likely that Theoford's brother's gun

3

trafficking, rather than his political beliefs, motivated the capture and assault. *Id.* at 81-82. Thus, the IJ denied Theoford asylum, withholding of removal, relief under the United Nations Convention Against Torture, and voluntary departure. The BIA summarily affirmed.

## II.

Because the BIA deferred to the IJ, we review the IJ's opinion. *Mulanga v. Ashcroft*, 349 F.3d 123, 131 (3d Cir. 2003). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1) and review for substantial evidence. *Id.* We will reverse "'only if there is evidence so compelling that no reasonable factfinder could conclude as the [IJ] did.'" *Id.* (quoting *Kayembe v. Ashcroft*, 334 F.3d 231, 234 (3d Cir. 2003)).

## III.

Despite Theoford's arguments to the contrary, we conclude that substantial evidence supported the IJ's finding that Theoford did not demonstrate past persecution or a well-founded fear of future persecution. Faced with Theoford's own concession that during the interrogation he was asked "if [his] brother was involved in gun trafficking" and his failure to identify particular individuals within the Lavalas party as his captors, the IJ reasonably found that Theoford had not made the threshold showing of persecution to support his asylum application. *See Lin v. INS,* 238 F.3d 239, 243 (3d Cir. 2001) (citing 8 U.S.C. §§ 1158(a) and 1101(a)(42)(A), which make an immigrant eligible for

4

asylum only where he shows persecution "on account of race, religion, nationality, membership in a particular social group *or political opinion*") (emphasis added).

In light of recent events in Haiti, we requested supplemental briefing on the effect, if any, of those events on Theoford's petition for review. We conclude that current events cannot factor into our decision, as we are not able to consider changed circumstances in the first instance.[1] *See* 8 U.S.C. § 1252(b)(4)(A); *see also Sewak v. INS*, 900 F.2d 667, 673 (3d Cir. 1990) ("Congress has expressly limited our determination of petitions for review of orders of deportation solely to the administrative record and the appropriately supported findings of fact made below."). Likewise, we are statutorily barred from remanding to the BIA or the IJ for the taking of additional evidence. 8 U.S.C. § 1252(a)(1). Should he believe that the changed circumstances in Haiti warrant a change in his status, Theoford should file a motion to reopen in the immigration courts.

Finally, Theoford's constitutional challenge to the BIA's use of summary affirmance procedure fails. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). Assuming, without deciding, that we have jurisdiction to consider Theoford's argument

---

1. Even if we were to consider evidence that was not available to the IJ at the time of his decision, that information would not change our result. Theoford has failed to provide the critical link between the generalized politically motivated violence in Haiti and the incident he experienced. New evidence might have probative value on the prevalence of politically motivated violence in Haiti, but would not furnish this missing link.

that it was error to apply that procedure in this case, we conclude that the regulatory

criteria were met.  8 C.F.R. § 1003.1(e)(4).

IV.

For the reasons set forth, we will deny Theoford's petition for review.